UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BENJAMIN BUDDE,

    Plaintiff,

  v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

CASE NO. C04-1389C

ORDER

    This matter has come before the Court on the Report and Recommendation (Dkt. No. 17) of the Honorable Monica J. Benton, United States Magistrate Judge, and the objections (Dkt. No. 18) thereto. Having carefully considered the papers filed by the parties and Magistrate Judge Benton's Report and Recommendation ("R&R"), the Court hereby ADOPTS the R&R and AFFIRMS the decision of the Commissioner of Social Security.

    The Commissioner's decision to deny benefits "will be disturbed only if it is not supported by substantial evidence or it is based on legal error." *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987), *quoting Green v. Heckler*, 803 F.2d 528, 529 (9th Cir. 1986). "Substantial evidence means more than a scintilla but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Magallanes v. Bowen*, 881 F.2d

ORDER – 1

747, 750 (9th Cir. 1989).

Judge Benton's R&R found that the ALJ: (1) adequately considered all of Plaintiff's impairments at step two; (2) did not commit reversible error when he did not call a medical expert; (3) properly justified his rejection of examining psychologist Silverio Arenas, Jr.'s interrogatory opinions; and (4) properly justified his assessment of Plaintiff's lack of credibility. Plaintiff objected to Judge Benton's findings on all four of these issues. The Court will address each issue in turn.

Plaintiff argues that the ALJ failed to consider each and every one of Plaintiff's impairments because the ALJ attached inadequate significance to Plaintiff's complex regional pain syndrome, his chronic pain syndrome and his reflex sympathetic dystrophy. More specifically, Plaintiff contends that his chronic pain syndrome is a mental impairment, whereas his reflex sympathetic dystrophy was a physical problem (related to nerve damage), and that the ALJ failed to consider and take into account the distinction between the two disorders in assessing Plaintiff's impairments. Setting aside Judge Benton's point that "chronic pain syndrome," "complex regional pain syndrome" and "reflex sympathetic dystrophy" are considered synonymous, *see* MARK H. BEERS, M.D. & ROBERT BERKOW, M.D., THE MERCK MANUAL OF DIAGNOSIS & THERAPY § 14, ch. 167, "Pain" (2005) *available at* http://www.merck.com/mrkshared/mmanual/section14/chapter167/167d.jsp#A014-167-0179 (treating reflex sympathetic dystrophy as a *type* of complex regional pain syndrome, and treating complex regional pain syndrome as a type of chronic pain syndrome), the Court finds that the record reflects that the ALJ considered both the mental and physical pain-related impairments. For example, in the hypothetical presented to the vocational expert, the ALJ separated the physical impairments from the mental impairments. (Tr. at 582 (stating "There's a sort of differential [sic] diagnosis, either [reflex sympathetic dystrophy], carpal tunnel or regional complex pain syndrome. . . . There is mention of depression, a pain disorder and an anxiety disorder.").) In addition, the ALJ considered Dr. Arenas's report (Tr. 240), which diagnosed Plaintiff with a pain disorder with both psychological factors and a general medical condition, and acknowledged Plaintiff's complaints of chronic pain. (Tr. at 392.) Finally, as Judge

ORDER – 2

Benton pointed out, the ALJ also considered the Disability Determination Services physicians' evaluations, which noted Plaintiff's "pain disorder." (Tr. at 393.) For these reasons, the Court finds that the ALJ properly considered and took into account Plaintiff's chronic pain syndrome, reflex sympathetic dystrophy, and complex regional pain syndrome. Accordingly, the Court adopts the R&R's finding that "the ALJ's decision is adequately supported by the record and reflects due consideration of the various aspects of [P]laintiff's mental condition." (R&R at 7.)

With respect to the ALJ's obligation to call a medical expert, the Court finds that the R&R adequately addresses the issues raised in Plaintiff's objections. In addition, Plaintiff bases his objections, in part, on the argument that the ALJ failed "to comprehend the difference between a psychological impairment of chronic pain syndrome and a physical impairment of reflex sympathetic dystrophy." (Obj. at 4.) As the Court explained above, this argument is not well taken, given the treatment of these disorders in the medical literature and the ALJ's consideration of both mental and physical elements of Plaintiff's chronic pain. For this reason, the Court adopts the R&R's finding on this issue.

Plaintiff contends that the ALJ improperly rejected Dr. Arenas's interrogatory opinions. Again, to the extent Plaintiff relies on his argument that the ALJ did not recognize Plaintiff's chronic pain syndrome as a separate ailment, Plaintiff's contention must fail. In addition, the Court finds, as did Judge Benton, that the ALJ fully and adequately explained the reasons for his rejection of Dr. Arenas's written interrogatory opinions, delivered almost a full year after his examination of Plaintiff. As the R&R pointed out, if a treating or examining physician's opinion is contradicted, the opinion may be rejected if there exist "specific and legitimate reasons" supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). Here, the ALJ expressed skepticism about the credibility of Dr. Arenas's interrogatory opinions, based upon the prior evaluation he had performed almost a full year prior. Specifically, the ALJ noted that "we have a report indicating fairly benign symptoms made contemporaneously with an examination, followed by a check box form completed a year later that indicates severe pathology." (Tr. at 392-93). Given these circumstances, the Court finds that the ALJ's

ORDER – 3

1  decision to reject Dr. Arenas's interrogatory opinions was made for specific and legitimate reasons that
2  are supported by substantial evidence in the record. Accordingly, the Court adopts Judge Benton's R&R
3  with respect to this issue.

4      Plaintiff's final objection, that the ALJ's determination regarding Plaintiff's credibility is legally
5  inadequate, is also founded on his basic argument that the ALJ failed to comprehend the mental aspects
6  of Plaintiff's chronic pain disorder. Because the Court rejects this basic argument, as explained *supra*,
7  the Court adopts the R&R's finding that the ALJ's determination is supported by substantial evidence in
8  the record.

9      In accordance with the foregoing, the Court hereby ADOPTS the R&R and AFFIRMS the
10 decision of the Commissioner of Social Security.

12     SO ORDERED this <u>30th</u> day of September, 2005.

                                            /s/ John C. Coughenour
                                            UNITED STATES DISTRICT JUDGE

26 ORDER – 4